**In the Matter of SPRING GARDEN FOLIAGE, INC., Debtor.**

**Bankruptcy No. 80–733.**

United States Bankruptcy Court,
M. D. Florida,
Orlando Division.

March 3, 1982.

---

Jeffrey Jontz, Orlando, Fla., for debtor.

Bernard C. O'Neill, Orlando, Fla., for creditors' committee.

Kendell W. Wherry, Asst. U.S. Atty., Orlando, Fla., for United States of America.

ORDER ON MOTION TO CONTINUE CONFIRMATION HEARING; ORDER ON MOTION TO SHORTEN TIME FOR PRODUCTION OF DOCUMENTS AND ORDER ON OBJECTION TO CONFIRMATION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a business reorganization case and the matter under consideration is a Motion to Continue the Confirmation Hearing; the Creditors' Committee's renewed Objection to Confirmation; numerous objections to certain claims and a Motion to Shorten Time for Production of Documents, all of which have been filed by the attorney for the Creditors' Committee. In order to put these matters in proper focus, the chronological sequence of events, as they appear from the record, all of which play a major role in the resolution of the issues raised by these motions, may be summarized as follows:

On August 18, 1981, Spring Garden Foliage, Inc. (Foliage), the Debtor involved in this reorganization case filed its disclosure statement pursuant to § 1125 of the Bankruptcy Code. A hearing was duly scheduled to consider the adequacy of the disclosure statement and after several hearings an amended disclosure statement was filed in order to overcome certain objections to the original disclosure statement interposed by the Creditors' Committee. On October 6, 1981, this Court entered an order and approved the amended disclosure statement; fixed November 26, 1981 as the last date for filing claims or proofs of interest and to cast ballots either accepting or rejecting the plan submitted by Foliage. The Order further provided that any objection to the confirmation of the plan had to be filed on or before December 3, 1981 and the hearing on the plan and all objections, if any, was scheduled to be heard on December 15, 1981.

On December 2, 1981, Central Florida Production Credit Association (Central Florida) filed an objection to the confirmation of the plan, but the objection was withdrawn prior to the hearing. The United States of America and the Creditors' Committee also filed Objections to the Confirmation of the proposed plan. At the duly scheduled confirmation hearing, the Court heard statement of counsel for the Government and orally announced that the objection to the confirmation interposed by the United States of America was without

basis since a secured lien claim of the Government was not impaired by the plan. The Court also inquired from counsel for the Creditors' Committee if the Committee was ready to proceed and submit proof in support of the objection. The Creditors' Committee did not seek a continuance of the confirmation hearing and announced that it had no evidence to present. The Century Bank, formerly known as State Bank of Apopka, also filed an objection but this was also withdrawn.

■ At the conclusion of the hearing, after having heard testimony of the president of the Debtor, the Court announced that it was satisfied and found that the plan had been accepted in writing by the requisite majority of creditors whose rights will be impaired by the plan; that the provisions of Chapter 11 of the Bankruptcy Code had been complied with except the "posting of confirmation deposit." (sic) The Order also made the additional findings that the holders of a claim of interest allowed in the case will receive or retain under the plan property of value as of the actual date of the plan, that is not less than the amount that such holder would receive or retain if the assets of the Debtor were liquidated under Chapter 7, as of the effective date of the plan and that confirmation of the plan is not likely to be followed by liquidation or a need for further financial reorganization. The order did not contain a specific finding that the plan was feasible because the Debtor did not have the funds to satisfy in full the priority claims for taxes and, therefore, the Court announced that the confirmation hearing would be rescheduled for the purpose of enabling the debtor to procure the funds and present proof that it had the funds to pay in full all priority claims allowed in the case pursuant to § 507(a)(1)(2)(3)(4)(5). The Order on the confirmation hearing prepared by the counsel for the Debtor was entered on December 21, 1981. The use of the expression "confirmation deposit" was no doubt used by counsel improperly because while the pre-Code Chapter XI did, in fact, have a specific provision requiring as condition precedent to confirmation to deposit the funds neces-

sary to pay all claims entitled to priority under § 64(a) of the Bankruptcy Act, § 337(2), BR 11-38, there is no such corresponding provision in the Code. Since the Bankruptcy Rule 11-38 governed only pre-Code Chapter XI arrangement proceedings, it is clearly not applicable to a case filed under Chapter 11 of the Code because Chapter 11 of the Code is not the adoption of the pre-Code Chapter XI, but a consolidation of the pre-Code Chapter X, XI and XII. Thus, it is evident that the paragraph in the order of December 21, 1981, which continues the confirmation hearing solely for the purpose of enabling the Debtor to make "the confirmation deposit" was not necessary and there was no valid reason why the Order should not have actually confirmed the plan with finality rather than as it appears merely conditionally. None of the findings contained in this Order were challenged by any party of interest. The Motions under consideration were filed on February 8, 1982, or one day before the hearing scheduled for the limited purpose indicated above.

The Motion for Continuance filed by the Creditors' Committee recites inter alia, that the Creditors' Committee filed objections to thirteen claims on the alleged ground that these are not enforceable and valid claims against the Debtor or in the alternative, that they are claims of insiders and attorneys, therefore, should not be allowed and if the objections to these claims are sustained and the claims are disallowed, the Debtor will not have the requisite majority of acceptances because the challenged claims total $700,000 and they all accepted the plan. The Motion also alleges that the plan is unjust and not equitable. In this connection, it should be pointed out that the Creditors' Committee's original objection filed on December 3, 1981 also contained some of the same allegations contained in the current Motion to Continue, none of which had been established at the confirmation hearing although the Creditors' Committee was offered the opportunity to present evidence in support of the objection. In the original objection, the Credi-

tors' Committee indicated that as soon as possible the Creditors' Committee would file specific objections to the claims and acceptances in question. As noted earlier, no objections were filed until the day before the hearing on the confirmation. There is nothing in the motion for continuance which indicates that the Creditors' Committee learned new facts subsequent to December 15, 1981 hearing which were not available at that time which would warrant an amendment of the December 21, 1981 order, specifically the findings that the plan has been accepted in writing and all provisions of Chapter 11 have been complied with. Neither is there any other allegation in the Motion for Continuance which would warrant or justify a continuance with the exception of the allegation that the Creditors' Committee is entitled to have its objections to the claims be heard prior to the entry of final order of confirmation and is entitled to a reconsideration of the determination that the plan has been accepted by the requisite majority in number and amount in the event the Committee's objections are sustained and the challenged claims are disallowed. This contention is based on the proposition urged by the Committee that the plan has yet to be confirmed and that under § 502(j) a claim which has been allowed may be reconsidered for cause before a case is closed and reallowed or disallowed according to the equities of the case.

Considering this last proposition first, this Court is satisfied that § 502(j) indeed permits the reconsideration of an allowed claim, but only for the purpose of determination of the creditor's right whose claim is subject to reconsideration to share in the distribution and not for the purpose of voting after the plan has been confirmed. Counsel for the Creditors' Committee does not accept this construction of this Section and urges that the plain reading of this Section indicates that an allowed claim may be considered to determine the creditor's right for any purpose including for the purpose to determine the right to vote any time before the case is closed. This interpretation is contrary to the scheme of Chapter 11 and to common sense. According to the legislative history of this Section, this provision merely codified § 57(k) of the Bankruptcy Act of 1898, a Section which was part of the liquidation section of the Bankruptcy Act, Chapters I–VII. It was never considered to be a Section dealing with the determination of acceptances of plans in relief chapters, Chapter X, XI, XII, XIII. Each of those relief chapters contained their own provisions dealing with acceptances. §§ 179, 362, 468; Bankruptcy Rules 10–305, 11–37, 12–37. In an arrangement proceeding under Chapter XI, the acceptance of a plan was determined prior to the conclusion of the first meeting of creditors and although claims still were permitted to be filed, any claim filed after the conclusion of the first meeting of creditors did not affect the result of the vote. A binding and final determination of the acceptances prior to the confirmation of a plan is, of course, not only sensible, but self-evident and dictated by the economic realities of business life. For instance, if the plan is to be funded by infusion of new capital by third parties, the plan would fail because funds would not be available to a Debtor unless the Debtor could assure the prospective investors that the plan procured the requisite majority and is in the position to proceed and obtain confirmation. Of course, if the proposition urged by counsel for the Creditors' Committee is accepted, objections interposed to claims under § 502(j) could change the result of the vote at any time so long as the case is open and even after confirmation. There is nothing in the Code which indicates that Congress intended to change the scheme of determination of the vote on a plan by enacting § 502(j).

The difficulty in this case arises, however, from the fact that although seemingly the plan was confirmed by the entry of the Order of December 21, 1981, due to the Debtor's inability to provide proof that it had the funds to pay priority claims or as the order recited, to have "the confirmation deposit," the Creditors' Committee now intends to continue this matter in order to

have the opportunity to be heard on the objections now filed solely for the purpose of altering the vote and in turn defeating confirmation. The proposition urged by the Creditors' Committee and the argument in support of the Motion is without merit and is rejected for the following reasons:

First, there is nothing in this record to indicate that the Creditors' Committee was not in the position to raise and establish the points raised by competent evidence prior to the December 15, 1981 hearing. On the contrary, at the confirmation hearing originally held on December 15, 1981, the Creditors' Committee stated that it would, as soon as possible, file specific objections to the claims and acceptances in question. These objections were filed on February 8, 1982 and nothing appears in this record which would justify the finding that the Creditors' Committee was unable to file these specific objections before the December 15, 1981 hearing or was prevented to secure a continuation of the December 15, 1981 hearing. On the contrary, it is clear that these objections and the motion for continuance were not filed until one day before the rescheduled hearing. Second, the Debtor and all the creditors already understood that upon the presentation of evidence that funds were available to pay priority claims, and that creditors would receive the dividends as provided by the confirmed plan. The delay of almost two months by the Creditors' Committee to take action on the matters raised is inexcusable and should not be permitted to disturb the orderly progress of this business reorganization and thereby prejudice all parties of interest who relied on what took place at the December 15, 1981 hearing and on the findings of the order of December 21, 1981.

The Creditors' Committee also contends that the order of December 21, 1981 cannot operate as an order of confirmation because it failed to make a finding required by § 1129(a)(4)(A), that is, the disclosure of the identity of the person to whom payment was made or promised for services, and that it failed to make a finding that the identity of the person who will serve after confirmation, an officer, director, or voting trustee as required by § 1129(a)(5)(A)(i).

It is true that the December 21, 1981 order does not contain these findings. However, these were permissible grounds to raise at the confirmation hearing held on December 15, 1981. None were raised even though the Creditors' Committee was given ample opportunity to do so. Thus, while the Order of Confirmation might require additional findings in order to comply with § 1129(a)(4)(A) and § 1129(a)(5)(B), this does not alter the undisputed fact that the plan has been accepted by the majority required, a finding which was never challenged, either by a timely motion for rehearing or by a timely notice of appeal. The Creditors' Committee cannot accomplish this now indirectly by filing a motion for continuance, which it had the opportunity to do but failed to do.

For the reasons stated, this Court is satisfied that the Motion for Continuance is without merit as so is the renewed Objection to Confirmation filed by the Creditors' Committee.

Considering the objections to the claims and the Motion to Shorten Time for Production of Documents, this Court is of the opinion that while the Creditors' Committee is entitled as a party of interest to raise these objections and is entitled to have a hearing held on the objections, the hearing will only be conducted for the purpose of determining the right of those creditors whose claims are challenged to participate in the distribution and receive dividends pursuant to the plan but not for the purpose of considering the validity of the acceptances.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DE-CREED that the Motion to Continue Confirmation Hearing be, and the same hereby is, denied and counsel for the Debtor shall submit together with the proof of ability to pay priority claims, a final order of confirmation. It is further

ORDERED, ADJUDGED AND DE-CREED that the Motion to Shorten Time

for Production of Documents be, and the same hereby is, granted and the time to produce documents shall be complied with in 15 days from the date of service. It is further

ORDERED, ADJUDGED AND DE-CREED that the objection to the claims shall be separately scheduled for a hearing, but only for the purpose outlined above. It is further

ORDERED, ADJUDGED AND DE-CREED that the Government's Objection to Confirmation be, and the same hereby is, overruled. It is further

ORDERED, ADJUDGED AND DE-CREED that the Creditors' Committee renewed Objection to Confirmation be, and the same hereby is, overruled.