**PRESTON STATE BANK**

v.

**Horace A. AINSWORTH, et al.**

No. CA3–82–0671–F.

United States District Court,
N.D. Texas,
Dallas Division.

Oct. 20, 1982.

V. Bryan Medlock, Jr., Richards Harris & Medlock, Dallas, Tex., Paul L. DeVerter, II, Larry C. Jones, Fulbright & Jaworski, Houston, Tex., for plaintiff.

Charles A. Gall, Brian J. Hurst, Dallas, Tex., for defendants.

## ORDER

ROBERT W. PORTER, District Judge.

Came on before the Court Defendant's motion to dismiss the above styled and numbered case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. This action involves a challenge by an existing institution, Preston State Bank, to the name selected by the incorporators of a newly chartered national bank and approved by the Comptroller of the Currency.

The name selected and approved in this case is Preston Center National Bank. Plaintiff Preston State Bank contends that the use of such name will constitute violations of state unfair competition and trademark infringement laws and violation of the Lanham Act which regulates federal unfair competition and trademark infringement. Defendants contend that this action should be dismissed because state and federal unfair competition and trademark in-

fringement laws are preempted by the NBA and because Plaintiff has failed to exhaust administrative remedies.

Section 22 of the National Banking Act (NBA) provides that a name selected by the incorporators of a new national bank must be approved by the Comptroller of the Currency. The standard for name approval established by regulation is as follows:

An application generally will be approved if the proposed new title is sufficiently dissimilar from that of any other existing or proposed unaffiliated bank or depository financial institution so as not to substantially confuse or mislead the public in a relevant market.

12 C.F.R. §§ 5.20(c)(4)(v), 5.42(b) (1981). The later cited regulation sets forth the policy considerations for name approval and specifically states that selection of a name is "primarily a business decision of the applicant."

### I. State Law Preemption

There is a split of authority as to whether the NBA preempts state unfair competition and trademark infringement laws. However, as pointed out by Defendants, the most recent federal authority supports a finding of preemption. *Cf. North Dakota v. Merchants National Bank and Trust Company,* 634 F.2d 368 (8th Cir.1980); *First National Bank of Aberdeen v. Aberdeen National,* 627 F.2d 843 (8th Cir.1980). The parties have cited no 5th Circuit authority on the issue of preemption of state law by § 22 of the NBA, and the Court is aware of none.

State laws are not preempted "unless such laws interfere with the purposes of [national bank's] creation, tend to impair or destroy [national bank's] efficiency as federal agencies or conflict with the paramount law of the United States." *First National Bank in St. Louis v. Missouri ex rel. Barrett,* 263 U.S. 640, 656, 44 S.Ct. 213, 215, 68 L.Ed. 486 (1924); *North Dakota v. Merchants National Bank and Trust Company, supra,* at 337. The underlying purpose for the creation of the national banks is to provide a uniform and reliable national

currency. *Mercantile Bank v. New York,* 121 U.S. 138, 154, 7 S.Ct. 826, 834, 30 L.Ed. 895 (1887). It cannot be argued that the disallowance, based on state law, of a chosen bank name will affect the national currency or its stability. Nor can it be argued that state law restrictions on the name selected by the incorporators of a national bank will interfere with the efficiency of the bank as a federal agency. Therefore, the issue of preemption turns on a determination of whether Texas unfair competition and trademark infringement laws conflict with the paramount federal law.

It is a reasonable deduction from the language of § 22 and its sparse legislative history that Congress intended when it enacted § 22 of the NBA that the Comptroller of the Currency would determine whether other banks in the proximity of the newly chartered bank had names which were sufficiently similar to the proposed name that confusion would result. What is not evident is the standard intended by Congress to be applied.

The Comptroller has enacted regulations which establish that the name chosen by the incorporators must not be so similar to that of an existing financial institution that the public will be substantially confused or mislead. As expressed by the Deputy Comptroller for Bank Organization and Structure in a letter dated June 18, 1982 and addressed to the Defendants herein, "only *substantial* confusion will warrant disapproval." [Emphasis in original]. Texas unfair competition and trademark laws apply the standard "likelihood of confusion." *See e.g. Miller v. Lone Star Tavern, Inc.,* 593 S.W.2d 341, 344 (Tex.Civ.App.—Waco 1979, n.r.e.). The 8th Circuit premised its holding that the NBA preempted state law in *Merchants National Bank & Trust Co., supra,* on a finding that the standard applied by the Comptroller is very similar, if not identical, to the standard which would be applied under the unfair competition and trademark infringement laws of North Dakota. However, in this case the standard to be applied under state laws is substantially different from the Comptroller's standard.

This Court finds that § 22 of the NBA and Texas laws governing unfair competition and trademark infringement are not in conflict, but rather are complimentary. Obviously the standard applied under state laws is more strict than the standard applied by the Comptroller. The possibility arises that a name approved by the comptroller will be struck down in court. However, as expressed in the *Merchants National, supra,* at 381, this Court is unable to conclude "that Congress intended to delegate preemptive law-making power to the Comptroller." Therefore, finding no actual conflict between state law and § 22 of the NBA, this Court holds that Texas law is not preempted in this case.

## II. The Lanham Act

Plaintiff challenges the name chosen by the Defendants for the newly incorporated bank in reliance on the Lanham Act, 15 U.S.C. § 1051 et seq. Particular reliance is placed on section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) which prohibits the use of "a false designation of origin, or any false description or representation, including words or other symbols intending to falsely describe or represent the same." Just as in the state unfair competition and trademark infringement case, the test to be used is "likelihood of confusion."

■ Defendants argue that the Lanham Act conflicts with the NBA, and that the NBA is the appropriate law to be applied. However, it is beyond peradventure that two federal laws applicable to the same situation should be applied harmoniously. Based on the same rationale as set out concerning the preemption of state law question, this Court finds that the Lanham Act and the NBA are complimentary.

## III. Exhaustion of Administrative Remedies

■ Defendants contend that Plaintiff should be barred from collaterally attacking an administrative action without having previously availed themselves of the normal administrative review available. However, in light of Plaintiff's admission that the

Comptroller's decision was not arbitrary or capricious, pursuit of administrative review would be futile in this case. Further, in an action such as this where the Plaintiff has separate and distinct causes of action apart from those available through administrative review, the action of an agency does not deprive Plaintiff of the right to elect to pursue those independent remedies.

IV. *Conclusions*

For the reasons set out above, this Court concludes that Defendants' motion to dismiss must be denied. It is accordingly

ORDERED that Defendants' motion to dismiss be and hereby is DENIED. It is further ORDERED that a hearing will be held regarding injunctive relief on the merits of this action on November 2, 1982 at 9:30 a.m.