### In re Robert W. HAMILTON and Brenda S. Hamilton, Debtors.

Bankruptcy No. 1-82-01542.

United States Bankruptcy Court, S.D. Ohio, W.D.

June 4, 1987.

Richard Nelson, Cincinnati, Ohio, for debtors.

Jon Hapner, Hillsboro, Ohio, for New Van, Inc.

James Grandey, Greenfield, Flo-lizer, Inc., Washington C.H., Ohio, for BancOhio.

## DECISION AND ORDER RE DISTRIBU-TION OF FUNDS BY DEBTORS AND OBJECTIONS THERETO

BURTON PERLMAN, Bankruptcy Judge.

Debtors in this case, at the time of the filing of the case, were engaged in farm-ing. The second amended plan was con-firmed December 12, 1983. It was a three-year plan and made reference to three cy-cles. In the end, the farming operation proved not viable and debtors have given it up. Meanwhile, the time periods involved in all three cycles contemplated by the plan have elapsed. Debtors thereupon filed Mo-tion to Approve Final Distribution of Funds. Therein, debtors say they have on hand for final distribution to creditors and payment of administrative expenses the amount of $9,379.27, constituting the bal-ance of income from their farming opera-tion.

The attorney for debtors has filed an application for attorney's fees in the amount of $3,303.00, after which there is a balance of $6,076.27. Debtors propose to distribute those funds "in accordance with their Plan of Reorganization":

1. Two-thirds to creditors in Class VII (BancOhio National Bank), $4,050.85; and

2. One-third to creditors in Class IV—Flo-lyzer, Inc. (24%), $486.10; and New Van, Inc. (76%), $1,539.32.

In connection with said motion, debtors say that the proposed distribution would consti-tute the only distribution to creditors in Classes VII and IV. The farming proceeds in prior years were such that no additional distributable funds were available after payment of costs of succeeding years' crops.

Creditor New Van, Inc., which desig-nates itself in its objection as a Class III creditor, filed an objection to the proposed distribution. New Van, Inc. expanded its objection in a subsequent document which it entitled "Application for Reconsideration of Final Distribution of Funds, Request for Withholding of Discharge, and for Other Relief". It is in the latter application that New Van, Inc. spells out the grounds for its objection.

The matter came on for hearing, at which time counsel presented arguments, but no evidence was presented.

We note that New Van, Inc. is a creditor both in Class III and also Class IV. Debt-ors' proposed distribution is to New Van, Inc. in its capacity as a Class IV creditor, not Class III. In its objection, however, New Van, Inc. speaks as a Class III credi-tor. We approach the questions here from New Van's perspective as a Class III credi-tor.

First we comment as to the attorney's fee request by the attorney for debtors. At the hearing, counsel for New Van, Inc. accused debtors' attorney of misbehaving in this case, at least insofar as relations between debtors and New Van, Inc. were concerned. We find such accusations to be

without foundation. In addition, we have reviewed the application of debtors' attorney and find it in all respects in order, as well as being modest in amount. The plan in the case gives priority to such administrative expenses and, accordingly, this amount will be distributed to debtors' attorney from the balance debtors hold.

That then leaves for distribution the amount of $6,076.27. It is the position of New Van, Inc. that this amount should be paid to it as a Class III creditor, rather than being distributed in the manner suggested by debtors. A clear-cut issue between debtors and New Van, Inc. is thus presented, and it is to a resolution of that issue that this decision is directed. Counsel for New Van, Inc. stated that all the other Class III creditors were paid in full, while New Van, Inc. was not. This contention is not disputed. New Van, Inc. says that it is owed an accrued deficiency of $23,787.94 on sales to debtors after filing of the case. More specifically, New Van, Inc. says that in 1983 debtors made purchases from it in the amount of $10,554.00, was paid of that amount $5,700.00, so that a balance is due thereon of $4,854.00. It says further that in 1984, debtors purchased $15,950.00 of goods, paid New Van, Inc. $5,500.00, leaving a balance due of $10,450.00. New Van, Inc. says finally that for 1985 there were purchases by debtors from it of $13,483.00, of which $5,000.00 was paid, leaving a net of $8,483.00.

■ As a first step in resolving the present issue, we hold that events, payments, and distributions in this case prior to the third cycle provided for in the plan must be disregarded. By failing to object or otherwise seek enforcement of perceived rights at a time when effective relief might have been accorded to an objector, any rights which then might have then been asserted have been waived. This strips the situation before us to its essentials.

Debtors' application does not state the source of the $9,379.27 it holds, but at the hearing counsel for debtors stated that the only source of funds was crops and livestock raised and sold by debtors. While we have already indicated that we will not concern ourselves with events and distributions during the first two cycles provided for in the plan, there is no reason to extend that holding to Cycle III. Indeed, those funds should be distributed pursuant to the stages provided for in Cycle III. In Cycle III, Stages X and XI provide for distribution of the proceeds of crops and cattle. In those two Stages, such distribution is to be made in accordance with priorities set up in Stages IV and V. While we are uninformed as to whether the source of the funds in hand are winter wheat crop and feeder cattle, as dealt with in Stage X, or corn and soy beans, as dealt with in Stage XI, in either case, distribution is to be made to Class III prior to any distribution to Classes VII or IV. (Classes VII and IV are those to which debtors propose to distribute the balance in hand. While Stage IV makes provision for distribution to Class VII, and Stage V makes provision for distribution to both Classes VII and IV, in either Stage, such distributions are only after distribution to Class III is completed.)

■ New Van, Inc. has stated, and it is not contested, that in the third cycle to which it refers, a net is owed it of $8,483.00, and its assertion that all other Class III creditors have been paid, is likewise not contested. The balance held by debtors of $6,076.27 will therefore be distributed to New Van, Inc. as a Class III creditor. We cannot agree with debtors that the distribution they propose as an alternative is in accordance with the plan. It is no answer for them to say that those creditors have received nothing under the plan. There is no reason to believe that the residual provision, the last paragraph in Stage V, ought to come into play.

■ In concluding this decision, two further remarks are necessary. New Van, Inc. has argued that payments to Anchor Savings from crop proceeds are improper and inconsistent with the plan. We disagree. Article IV of the plan makes clear and separate provision with respect to Anchor Savings and there is no indication that payments to Anchor were inconsistent with this provision. Finally, we deny the re-

quest by New Van, Inc., which request we understand to be that payments to other Class III creditors be recovered, and distributions within Class III be done pro rata. The plan does not require pro rata distributions to creditors within Class III. Class III creditors, other than New Van, Inc., required cash payment before services or goods were provided. A large item in this category vital to the operation of debtors' farm was fuel. New Van, Inc., on the other hand, was agreeable to selling fertilizer to debtors on credit. We will not be heard to criticize this accommodation, but the election of New Van, Inc. voluntarily to follow this course precludes it from the requested relief.

To recapitulate, the $9,379.27 being held by debtors will be distributed $3,303.00 to attorney's fees, and $6,076,27 to New Van, Inc. as a Class III creditor.

So Ordered.