**In re BLUDWORTH BOND SHIPYARD, INC., Debtor.**

**Bankruptcy No. 86–06413–H3–11.**

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

Sept. 30, 1988.

Erich M. Ramsey, Arlington, Tex., for debtor.

ORDER RE: DEBTOR'S PLAN OF REORGANIZATION

LETITIA Z. CLARK, Bankruptcy Judge.

Came on for hearing May 23, 1988 the proposed confirmation of Debtor–in–Possession's Plan of Reorganization ("Plan"). After hearing the evidence and arguments of counsel, and considering various authority, the court reaches the following findings of fact and conclusions of law. To the extent any findings of fact herein are construed to be conclusions of law, they are hereby adopted as such. To the extent any conclusions of law herein are construed to be findings of fact, they are hereby adopted as such.

Debtor is a shipyard facility with a history through three generations of successful operations until the downturn in the Houston economy, and the failure of the Northwest Insurance Company of Portland, Oregon ("Insurance Company"). The Insurance Company provided Debtor with worker's compensation coverage for its employees pursuant to the requirements of the Federal Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901 *et seq.* Following the Insurance Company's failure, Debtor company paid, according to testimony in these proceedings, approximately one hundred fifty thousand dollars ($150,000.00) on various worker's compensation claims.

Debtor had brought suit in state court to recover against the company underwriting its failed insurer, prior to filing of the bankruptcy. Through special counsel, Debtor continued this suit during the bankruptcy proceeding, which ultimately resulted in a settlement that realized net to Debtor after payment of a court approved attorney's contingency fee, of three hundred thousand dollars ($300,000.00).

The issue presented to the court for resolution is whether the Debtor's Plan of Reorganization can be confirmed despite a single oral objection raised at the hearing. Debtor's service of its proposed Plan was found by the court to have been adequate at the hearing. This service included service on those workman's compensation claimants of which Debtor was aware.

No timely objections to Debtor's Plan were filed. Indeed, no objections at all were filed. However, on the date of the confirmation hearing, an attorney appeared claiming to represent six worker's compensation claimants, only one of whom had filed a proof of claim. These claimants, through counsel, orally asserted a failure of equity, claiming that the proceeds of the insurance suit settlement should benefit them above any secured or other unsecured creditors. Further, subsequent to the confirmation hearing nothing was filed on behalf of or by any of these claimants.

At the hearing, the Debtor presented evidence and ballots filed timely, sufficient to confirm the Plan pursuant to 11 U.S.C. § 1129. The court finds that this Plan and the proponent thereof complied with all of the applicable provisions of Title 11, that the Plan was proposed in good faith and not by any means forbidden by law and that it is fair and equitable with respect to all classes contained therein.

■ Failure of parties properly noticed, such as the workers compensation claimants, to object timely or indeed to present any evidence at Plan confirmation in opposition to the Plan or in support of their claim of having been improperly grouped in class 8, cannot operate at this late date to defeat the Plan. Failure on the part of a party in interest to file an objection to confirmation prior to the deadline fixed by the court results in a waiver of the right to object. *In re Hamilton,* 74 B.R. 454 (Bankr.S.D. Ohio 1987); *In re Spring Garden Foliage, Inc.,* 17 B.R. 882 (Bankr.M.D.Fla.1982); *In re Penn–Dixie Industries, Inc.* 32 B.R. 173 (Bankr.S.C.N.Y.1983); *In re Total Transportation Services, Inc.,* 43 B.R. 8 (Bankr.S.D. Ohio 1984).

■ Although the worker's compensation claimants are precluded, at this stage, from raising an objection to the Plan, the court notes that the LHWCA, at 33 U.S.C. § 936, appears to preserve claims of longshoremen notwithstanding an intervening bankruptcy of the employer. 33 U.S.C. § 936 details the policy of the LHWCA against the effects a discharge in bankruptcy might have in relation to a worker's claim, and in essence provides an alternative remedy. Section 936 provides, in pertinent part, that

> "[e]very policy or contract of insurance issued under authority of this chapter shall contain ... a provision that insolvency or bankruptcy of the employer and/or discharge therein shall not relieve the carrier from payment of compensation for disability or death sustained by an employee during the life of such policy or contract."

While this statute pre-dates the present Bankruptcy Code, principles of statutory construction dictate that where two statutes are capable of coexistence, it is the duty of the courts to give effect to each, if that can be done while preserving their sense and purpose and without violating the language of either. *Ruckelshaus v. Monsanto Co.,* 467 U.S. 986, 104 S.Ct. 2862, 81 L.Ed.2d 815 (1984); *Nichols v. Rysavy,* 809 F.2d 1317 (8th Cir.1987); *S & S Screw Mach. Co. v. Cosa Corp.,* 647 F.Supp. 600 (M.D. Tenn.1986); *Linquist v. Bowen,* 813 F.2d 884 (8th Cir.1987); *Preston State Bank v. Ainsworth,* 552 F.Supp. 578 (N.D.Tex.1982). Thus, continuing effect of 33 U.S.C. § 936 is to be assumed.

It is therefore,

ORDERED that the Plan of Debtor is confirmed.